JING NI (a.k.a., Jeng Ni), Petitioner,

v.

Alberto GONZALES, Attorney General,* Respondent.

No. 02–4903.

United States Court of Appeals, Second Circuit.

Dec. 7, 2006.

Yi Lin, New York, NY, for Petitioner.

Colette R. Buchanan, Assistant United States Attorney for the District of New Jersey (Christopher Christie, United States Attorney for the District of New

---

\* Pursuant to Federal Rules of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for former Attorney General John Ashcroft as respondent in this case.

Jersey, on the brief), Newark, NJ, for Respondent.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY and Hon. JOHN R. GIBSON,** Circuit Judges.

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Petitioner Jing Ni appeals from an order of the Board of Immigration Appeals ("BIA") entered on November 12, 2002, adopting a November 14, 2000 decision of Immigration Judge ("IJ") Alan Vomacka. On appeal, the primary issue before this Court concerns the IJ's finding that Ni's application was frivolous, a finding that could have broad ranging implications for relief available to Ni under the immigration laws. *See* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 208.20; *Liu v. U.S. Dep't. of Justice*, 455 F.3d 106, 112 (2d Cir.2006). Ni's brief does not address the IJ's decision denying petitioner's request for asylum, withholding of removal, or Convention Against Torture relief. Thus, we address only the finding of a frivolous application.

As a preliminary matter, Ni suggests that the IJ erred by not providing the requisite warnings regarding the filing of a frivolous application. Section 1158(d)(4) states in part that "[a]t the time of filing an application for asylum, the Attorney General shall ... advise the alien of ... the consequences ... of knowingly filing a frivolous application for asylum." 8 U.S.C. § 1158(d)(4); *see also* 8 C.F.R. § 208.3(c)(5) ("[k]nowingly filing a frivo-

lous application ... so long as the applicant has received the notice required by section 208(d)(4) of the Act, shall render the applicant permanently ineligible for any benefits under the Act pursuant to § 208.20."). Before Ni signed her application for asylum, the IJ provided both written and oral warnings of the consequences of filing a frivolous application. As such, we find this contention without merit.[1]

Ni then challenges the IJ's finding that her application was frivolous. Although in *Liu* we noted emergent principles for reviewing findings of frivolousness, we remanded that case to the BIA with instructions to "set down clear and explicit standards by which frivolousness decisions may be judged." *Liu*, 455 F.3d at 116. Without these standards, it is difficult for us to evaluate the IJ's decision in this case. Therefore, we grant Ni's petition and remand the case to the BIA to reconsider the frivolousness finding, using standards developed in response to *Liu*.

As we remand the case to the BIA to evaluate whether Ni's application was frivolous, we need not address petitioner's further argument that her due process rights were violated by the IJ's purported failure to properly and fairly determine that her application was frivolous.

Accordingly, the petition for review is **GRANTED,** the BIA's decision is **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

** The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Ni contends that as a minor she was entitled to "extra caution and guidance" from the IJ on the consequences of filing a frivolous ap-

plication. We express no opinion on this contention. We simply note that, though Ni was seventeen years old when she entered the country, she was "about 18 and a half years old" when the IJ heard her testimony; she was not a minor.